CITY COUNCIL — DUAL OFFICE HOLDING A person may not legally serve as a member of the J.M. Davis Gun Collection Commission and at the same time serve as city councilman. The Attorney General's Office is in receipt of your opinion request wherein you ask, in effect, the following question: May an individual appointed to the J.M. Davis Gun Collection Commission serve as a city councilman at the same time. The statutes prohibiting an individual from holding two positions simultaneously, known as the dual office holding provision, is contained in Title 51 O.S. 6 [51-6] (1971). Section 51 O.S. 6 [51-6] provides: "Except as may be otherwise provided no person holding an office under the laws of the State and no deputy of any officer so holding any office, shall, during his term of office, hold any other office or be the deputy of any officer holding any office, under the laws of the State. Provided, that the provisions of this section will not apply to notaries public and members of the Textbook Commission." A previous Attorney General's Opinion, No. 73-114, has held that both positions held must be a public office or offices under the laws of the state. In Guthrie Daily Leader v. Cameron, 41 P. 654 (1895), the Oklahoma Supreme Court defined public offices as follows: "A public office is the right, authority, and duty created and conferred by law, by which, for a given period either fixed by law, or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government . . . to be exercised for the benefit of the public . . . (that some portions of the sovereignty of the country either legislative, executive or judicial attaches for the time being, to be exercised for the public benefit)." A person who is appointed a member of the J. M. Davis Gun Collection Commission holds, by virtue of 53 O.S. 201 [53-201] (1971), et seq., a public office for purposes of the dual office holding statute. The statute requires only that the office in question be an office under the laws of the state. The position on the J. M. Davis Gun Collection Commission are expressly created by virtue of 53 O.S. 201 [53-201] (1971). The duties of the Commission are further set out in Sections 53 O.S. 202 [53-202] (1971), et seq. These duties invest the Commission with some portion of the sovereign function of government to be exercised for the benefit of the public. Likewise, city councilmen have long been considered public officers under the laws of the State of Oklahoma. Statutory authority regarding city councilmen is found in 11 O.S. 961.2 [11-961.2] (1971), et seq. There is no question that city councilmen are elected public officials and their duties make them responsible to the people in their various wards. Likewise, it is also true that city councilmen are vested with a certain portion of the sovereign functions of government to be exercised to the benefit of the public as set forth by the statute. It is, therefore, the opinion of the Attorney General that your question be answered as follows: A person may not legally serve as a member of the J. M. Davis Gun Collection Commission and at the same time serve as city councilman. (Donald B. Nevard)